# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MOORE,<br><br>                    Plaintiff,<br>     v.<br><br>WAL-MART STORES, INC.; PEPSI COMPANY, INC.; SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO SMALL CLAIMS DEPT (11),<br><br>                    Defendants. | Case No. 13cv0711 BTM(NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On March 25, 2013, Plaintiff filed a Complaint and a Motion to Proceed In Forma Pauperis ("IFP"). For the reasons discussed below, the IFP Motion is granted, and the Complaint is dismissed for failure to state a claim.

## DISCUSSION

I. Motion to Proceed IFP

Upon review of Plaintiff's affidavit in support of her IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fee required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

II. Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff claims that her due process rights were violated because a small claims court

commissioner, who was presiding over her personal injury case against Wal-Mart Stores, Inc. and Pepsi Company, Inc., was biased against her and prevented her from presenting certain evidence in support of her case.  Plaintiff asks that this Court receive all of the evidence in question and reverse "the unconstitutional, bias, prejudice ruling made by Commissioner Gross."

Plaintiff's claim fails against the Superior Court of California because it is an arm of the State of California and is entitled to Eleventh Amendment immunity.  Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110, n. 10 (9th Cir. 1987).

Furthermore, this court lacks subject matter jurisdiction to void any of the decisions or judgments entered in the state court action.  Under the Rooker-Feldman doctrine, federal courts are barred from hearing de facto appeals from state-court judgments.  Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).  Simply stated, a United States District Court lacks the authority to disrupt or "undo" a decision of a state court, regardless of whether the state court's decision was correct or whether the state court fully and fairly adjudicated the claim.  Id. at 898-900.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed in forma pauperis is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** for failure to state a claim.  The Court **GRANTS** Plaintiff leave to file a First Amended Complaint, but reminds Plaintiff that the Court does not have jurisdiction to change or review any rulings in Plaintiff's state court case.   If Plaintiff chooses to file a First Amended Complaint, she must do so on or before **April 22, 2013**.  Failure to do so will result in the closing of this case.

**IT IS SO ORDERED.**

DATED: March 27, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court