# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA MOORE,<br><br>                           Plaintiff,<br>   v.<br>SUPERIOR COURT OF CALIFORNIA, NORTH COUNTY DIVISION, COMMISSIONER EARNEST GROSS, PRESIDING JUDGE ROBERT TRENTACOSTA,<br>                         Defendants. | Case No. 13cv0711 BTM(NLS)<br><br>**DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |

    On March 25, 2013, Plaintiff filed a Complaint and a Motion to Proceed In Forma Pauperis ("IFP"). In an order filed on March 27, 2013, the Court granted Plaintiff's IFP motion but dismissed the Complaint for failure to state a claim. The Court granted Plaintiff leave to file an amended complaint. On April 25, 2013, Plaintiff filed a First Amended Complaint ("FAC"). The Court has reviewed the FAC and dismisses it for failure to state a claim.

    In Plaintiff's FAC, Plaintiff names as defendants the Superior Court of California, North County Division, Commissioner Earnest Gross, and Presiding Judge Robert Trentacosta. Plaintiff alleges that Commissioner Gross and Judge Trentacosta violated her constitutional rights because Commissioner Gross was biased against her and precluded her from presenting certain evidence in her small claims case, and Judge Trentacosta ignored Plaintiff's complaints regarding her treatment by Commissioner Gross.

    As discussed in the Court's prior order, Plaintiff's claims against the Superior Court of California fail because it is an arm of the State of California and is entitled to Eleventh Amendment immunity. Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110, n. 10 (9th Cir. 1987).

    As for Plaintiff's claims against Commissioner Gross and Judge Trentacosta, those

claims fail under the doctrine of judicial immunity.  Judges are absolutely immune from damage liability for judicial acts taken within the jurisdiction of their courts.  <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986).  Judicial immunity also extends to "judicial acts" performed by judicial officers such as commissioners.  <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 830 (9th Cir. 1995). There are only two sets of circumstances in which immunity is overcome: (1) nonjudicial actions; and (2) actions, though judicial in nature, taken in the complete absence of jurisdiction.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978).

Based on the allegations of the FAC, Commissioner Gross's and Judge Trentacosta's actions were judicial acts taken within the jurisdiction of their court.  Although Plaintiff mentions injunctive relief on page 7 of the FAC, Plaintiff does not actually specify any requested injunctive relief, but, rather, asks for monetary damages.  Accordingly, Commissioner Gross and Judge Trentacosta are entitled to absolute judicial immunity.

For the reasons discussed above, Plaintiff's FAC is **DISMISSED** for failure to state a claim.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: May 6, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court